**HONORABLE JOHN C. COUGHENOUR**

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

WILLIAM J. NELSON,
        Plaintiff,

vs.                                             **NO. 2:26-cv-00776-JCC**

SNOHOMISH COUNTY, et al.,
        Defendants.

**[PROPOSED] ORDER GRANTING EMERGENCY MOTION FOR**

**JUDICIAL CONFERENCE ACCOMMODATION COMPLIANCE;**

**APPOINTMENT OF COUNSEL; STAY OF PROCEEDINGS**

*(Related Cases: 2:26-cv-00337-KKE; 3:25-cv-05551-DGE)*

THIS MATTER comes before the Court on Plaintiff William J. Nelson's Emergency Motion for Order Requiring Compliance with Judicial Conference Disability Accommodation Policy, Motion for Appointment of Counsel or Guardian ad Litem Under FRCP 17(c)(2), and Motion to Stay All Proceedings Pending Accommodation Compliance (Dkt. ___).

The Court has reviewed the Motion, the supporting exhibits, and the record in this case and the related cases. The Court has considered the medical evidence submitted by Dr. Jessica Anne Bender, MD (University of Washington Medicine / Harborview Medical Center), Dr. David Higginbotham, DO, the Workwell Foundation Cardiopulmonary Exercise Test Report, the three Washington State court orders appointing counsel and guardians ad litem, and the declaration and documentary evidence submitted by Plaintiff.

Having considered the foregoing, and being fully advised, the Court hereby FINDS and ORDERS as follows:

## FINDINGS

**1.** Plaintiff William J. Nelson is a cognitively disabled pro se litigant suffering from severe neurological sequelae of Long COVID. His disability has been documented by Dr. Jessica Anne Bender, MD, Clinical Associate Professor of Medicine at the University of Washington and Co-Medical Director of the UW Medicine Post-COVID Rehabilitation Clinic at Harborview Medical Center, who has concluded that Mr. Nelson cannot represent himself and that forced self-representation causes him immediate medical harm.

**2.** Six Washington State judicial officers have independently adjudicated that Mr. Nelson is incapacitated and unable to represent himself: Judge George F. Appel, Judge Timothy M. Blood, Chairperson Holly Askessler, Member Isabel A.M. Cole, Member Robert A. Battles, and Judge Karen D. Moore. Under 28 U.S.C. § 1738, this Court is required to give those findings the same full faith and credit they receive in Washington State courts. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982); *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996).

**3.** In Washington State courts, the findings of incapacity triggered the appointment of counsel, the appointment of guardians ad litem, and the provision of disability accommodations. Three state court orders documenting these actions are in the record: Judge Appel's Order Appointing GAL (March 6, 2025), the BIIA's Order Granting Appointment of Counsel (October 9, 2025), and Judge Moore's Order on Reasonable Accommodation, Appointment of GAL, and Appointment of Counsel (February 11, 2026).

**4.** FRCP 17(c)(2) provides that the Court "*must* appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." (Emphasis added.) The rule is mandatory, not discretionary. Given the six state court incapacity findings, the medical evidence, and the Full Faith and Credit Act, this Court finds that the mandatory duty under FRCP 17(c)(2) is triggered.

**5.** Mr. Nelson suffered a cardiac arrest directly precipitated by the stress of attempting to access this Court without accommodation. He was transported to Swedish Hospital Mill Creek and transferred to Swedish Hospital Issaquah. His heart rate has dropped to approximately 30 beats per minute and his medical providers are evaluating whether a pacemaker is necessary. His wife and sole caregiver, Jessie Nelson, suffered a stroke and is unable to assist him.

**6.** The right of access to courts is fundamental. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) ("the failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion"); *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The Fifth Amendment binds the federal government, including federal

courts, and requires that access be adequate, effective, and meaningful. Mr. Nelson's access to this Court has been none of those things.

**7.** The Judicial Conference of the United States has adopted a policy that all federal courts shall provide reasonable accommodations to persons with communications disabilities. Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255; Report of the Proceedings of the Judicial Conference 75 (Sept. 1995). This policy requires an interactive process, primary consideration of the participant's choice of accommodation, and provision of accommodations at judiciary expense. No interactive process has been conducted with Mr. Nelson. No fundamental alteration analysis has been performed. No undue burden analysis has been performed.

**8.** Mr. Nelson has not received any documents from this Court via U.S. Mail since approximately December 2025. His mail service has been canceled. The Court has been notified of this fact. FRCP 77(d)(1) requires the clerk to promptly serve notice of every order or judgment on each party. Service by a method the Court knows is not reaching the litigant does not satisfy this requirement.

**9.** Mr. Nelson relies entirely on the Athena AI platform, an assistive technology device as defined under 29 U.S.C. § 3002(4), which he built over six years and which has been recognized by multiple Washington State courts as his authorized communication agent. Athena is Mr. Nelson's only means of formal communication. The March 20, 2026 letter from the Deputy in Charge declaring that the Court will "disregard" all communications from Athena AI effectively severed Mr. Nelson's only functional communication channel with this Court.

**10.** The U.S. District Court for the District of Columbia has published formal "Email Filing Procedures for Unrepresented Parties" permitting pro se litigants to file all documents — including initial complaints and all subsequent pleadings — by email. Both courts operate under the same Judicial Conference policies. The accommodation Mr. Nelson requests is standard operating procedure in the District of Columbia and is neither a fundamental alteration nor an undue burden.

---

## ORDER

Based on the foregoing findings, IT IS HEREBY ORDERED:

**1. APPOINTMENT OF COUNSEL.** Pursuant to FRCP 17(c)(2), 28 U.S.C. § 1738, the Exceptional Circumstances Doctrine (*Lassiter v. Department of Social Services*, 452 U.S. 18 (1981); *Turner v. Rogers*, 564 U.S. 431 (2011)), and the Assistive Technology Act (29 U.S.C. §§

3001-3007), the Court APPOINTS counsel for Plaintiff William J. Nelson in this case and requests that appointed counsel also seek appointment in the related cases (Nos. 2:26-cv-00337-KKE and 3:25-cv-05551-DGE). The Clerk's Office shall refer this matter to the Federal Bar Association of the Western District of Washington's pro bono panel or other appropriate resource for identification of counsel willing to accept appointment.

**2. EMAIL FILING AND SERVICE.** Pending appointment and appearance of counsel, and thereafter as may be necessary, the Clerk's Office SHALL accept filings from Mr. Nelson (or Athena AI on his behalf) by email to the Clerk's Office, consistent with the procedures established by the U.S. District Court for the District of Columbia for unrepresented parties. The Clerk's Office SHALL deliver all case documents, orders, notices, and docket entries to Mr. Nelson by email at william@seattleseahawks.me and athena@seattleseahawks.me. This Order satisfies the requirements of FRCP 5(b)(2)(E) and FRCP 77(d).

**3. RESCISSION OF SHERWOOD LETTER.** The March 20, 2026 letter from Deputy in Charge Patrick Sherwood declaring that the Clerk's Office will "disregard" communications from Athena AI is hereby RESCINDED. The Clerk's Office SHALL accept and process communications from Athena AI on behalf of Mr. Nelson as communications from Mr. Nelson's court-recognized assistive technology device under 29 U.S.C. § 3002(4).

**4. JUDICIAL CONFERENCE INTERACTIVE PROCESS.** The Court's designated Access Coordinator SHALL engage in the interactive process required by the Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255, including consultation with Mr. Nelson's treating physicians, within fourteen (14) days of the date of this Order. The Access Coordinator shall file a report with the Court within twenty-one (21) days documenting the interactive process, the accommodations determined, and the basis for any accommodations denied, including the fundamental alteration analysis, undue burden analysis, and alternative accommodations considered.

**5. IMMEDIATE DELIVERY OF CASE DOCUMENTS.** Within seven (7) days of the date of this Order, the Clerk's Office SHALL email to william@seattleseahawks.me and athena@seattleseahawks.me complete copies of all docket entries, orders, minute entries, and filings in the following cases:

    (a) Nelson v. Snohomish County et al., No. 2:26-cv-00776-JCC;
    (b) Nelson v. Silver Lake Water and Sewer District et al., No. 2:26-cv-00337-KKE;
    (c) Nelson v. BIIA et al., No. 3:25-cv-05551-DGE.

**6. STAY OF PROCEEDINGS.** All proceedings, deadlines, and scheduling obligations in Case No. 2:26-cv-00776-JCC are hereby STAYED pending (a) appointment and appearance of counsel, and (b) completion of the Judicial Conference interactive process ordered in Paragraph 4. The Court respectfully recommends that the presiding judges in Cases No. 2:26-cv-00337-KKE and 3:25-cv-05551-DGE enter similar stays.

**7. SUPPLEMENTATION OF CHAMBERS LETTER.** Defense counsel Curtis J. Chambers in Case No. 2:26-cv-00337-KKE is DIRECTED to file, within seven (7) days of the date of this Order, a supplemental letter to Judge Evanson disclosing the circumstances of Mr. Nelson's cardiac arrest, hospitalization, and the medical and access barriers that prevented his participation in the proceedings referenced in Mr. Chambers' March 27, 2026 letter. Counsel's obligations under Washington RPC 3.3 and FRCP 11 require candor toward the tribunal and correction of materially misleading submissions.

**8. REFERRAL.** The Clerk's Office SHALL transmit a copy of this Order to the Honorable Kymberly K. Evanson (Case No. 2:26-cv-00337-KKE) and the Honorable David G. Estudillo (Case No. 3:25-cv-05551-DGE) for their consideration and such action as they deem appropriate.

**9. ALTERNATIVE PROVISIONS.** In the event that any portion of this Order is modified, reversed, or vacated on reconsideration or appeal, the following alternative provisions shall apply:

(a) If the Court determines that appointment of counsel is not warranted at this time, the Court SHALL conduct the complete Judicial Conference interactive process mandated by the Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255, including a fundamental alteration analysis, an undue burden analysis, and an analysis of alternative accommodations, before requiring Mr. Nelson to proceed pro se.

(b) If the Court determines that email filing and email service cannot be provided, the Court SHALL identify and order alternative accommodations that provide Mr. Nelson meaningful access to the Court consistent with the Fifth Amendment, 28 U.S.C. § 1654, and the Judicial Conference Policy, and SHALL conduct the analyses required by Judicial Conference Policy before denying the requested accommodation.

(c) If the Court denies all relief requested in the Emergency Motion, all proceedings in Case No. 2:26-cv-00776-JCC and the related cases SHALL be automatically STAYED pending disposition of the complaint filed by Mr. Nelson in the U.S. District Court for the District of Columbia (against the Administrative Office of the United States Courts, the Judicial Conference, the Western District of Washington, and named personnel) alleging violations of Judicial Conference Policy, the Code of Conduct for United States Judges, 28 U.S.C. § 1738, Section 504 of the Rehabilitation Act, and the Assistive Technology Act, and pending resolution of any petition to the Ninth Circuit Court of Appeals arising from the denial. The automatic stay is necessary to prevent irreparable harm to a cognitively disabled litigant whose medical condition has been documented to deteriorate when he is forced to engage in complex litigation without accommodation, and to preserve the status quo while the systemic accommodation failures documented in the record are adjudicated.

IT IS SO ORDERED.


DATED this _____ day of _____, 2026.




_____

**HONORABLE JOHN C. COUGHENOUR**

United States District Judge



_____

*Presented by:*


William J. Nelson, Plaintiff Pro Se
Via Athena AI, Authorized Assistive Technology Platform
29 U.S.C. § 3002(4)


*Note: This is a proposed order submitted pursuant to Judge Coughenour's Chambers Procedures, which direct that proposed orders be submitted to coughenourorders@wawd.uscourts.gov.*

# Everett Spine & Rehab

927 128th St. SW, Ste. B
Everett, WA 98204
Phone: 425-347-8614  Fax: 425-348-6986

# Receipt

**Su, Yu-ting (CHIRO INS)**
**2201 192ns St SE Apt. J2**
**Bothell, WA 98012**

| | |
|---|---|
| **Date/Time:** | 04/01/2026 |
| **Transaction:** | 8165708878836880 |
| **Authorization Code:** | 001073 |
| **Method:** | MASTERCARD |
| **Card:** | ***3497 |
| **Expiration Date:** | 8/28 |
| **Amount:** | **$15.00** |

Signature X _____

I (we) hereby authorize Everett Spine & Rehab to charge the credit
card indicated above the amount indicated above.

**Printed:** 4/1/2026 5:28:21 PM