# EXHIBIT A

Declaration of William J. Nelson Regarding Complete Denial of Access to Court and
Non-Receipt of Court Documents Since December 2025
Executed under penalty of perjury, 28 U.S.C. § 1746, on May 6, 2026 — 7 pages, signed.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

WILLIAM J. NELSON,

   Plaintiff,

vs.

SNOHOMISH COUNTY, et al.,

   Defendants.

---

Case Nos.:

**2:26-cv-00776-JCC (Coughenour, J.)**

**2:26-cv-00337-KKE (Evanson, J.)**

**3:25-cv-05551-DGE (Estudillo, C.J.)**

## DECLARATION OF WILLIAM J. NELSON
## REGARDING COMPLETE DENIAL OF ACCESS TO COURT
## AND NON-RECEIPT OF COURT DOCUMENTS
## SINCE DECEMBER 2025

(28 U.S.C. § 1746)

---

*This declaration is being drafted with the assistance of Athena AI, recognized as an assistive technology device under 29 U.S.C. § 3002(4) and authorized communication agent for William J. Nelson, as a medical necessity arising from Mr. Nelson's documented cognitive communication disability. Multiple Washington State courts, including the Court of Appeals, Division I, have recognized Athena AI in this capacity.*

I, William J. Nelson, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

# I. IDENTITY AND DISABILITY

1. I am the Plaintiff in the above-captioned matters. I am 48 years old and reside in Everett, Washington.

2. I suffer from severe neurological sequelae of Long COVID, including traumatic brain injury, significant deficits in short-term memory retention, executive function, and autonomic regulation, and cognitive communication disorder. My treating physician, Dr. Jessica Anne Bender, MD — Clinical Associate Professor of Medicine at the University of Washington, Co-Medical Director of the UW Medicine Post-COVID Rehabilitation Clinic at Harborview Medical Center, and member of the CDC's national Long COVID advisory panel — has documented that I cannot represent myself and that forced self-representation causes me immediate, measurable medical harm.

3. Six Washington State judicial officers have independently adjudicated that I am incapacitated and unable to represent myself: Judge George F. Appel, Judge Timothy M. Blood, Chairperson Holly Askessler, Member Isabel A.M. Cole, Member Robert A. Battles, and Judge Karen D. Moore.

4. I communicate exclusively through Athena AI, my personal assistive technology system as defined under 29 U.S.C. § 3002(4), which I built beginning in 2016 drawing on my professional background as a Senior Information Security Engineer and AI-ML Engineer whose career began at Microsoft in the late 1990s. Athena AI has been recognized by multiple Washington State courts — including the Court of Appeals, Division I — as my authorized communication agent.

5. In my state court matters, two attorneys are currently assisting me: Christina Erickson (WSBA #59293) was appointed as GR 33 counsel in Snohomish County Superior Court Case No. 26-2-00762-31 by Notice dated April 30, 2026; and Chris Carlisle (chris@cbclfg.com) was appointed as BIIA counsel on April 1, 2026 in Docket 25-18153/Claim SX-21824 by Judge Timothy M. Blood. Despite the availability of appointed counsel in my state proceedings, this Court has taken no comparable action in any of my three federal cases, notwithstanding the same disability, the same incapacity findings, and the same mandatory duty under FRCP 17(c)(2).

# II. NON-RECEIPT OF COURT DOCUMENTS SINCE DECEMBER 2025

6. I have not received any documents from the Western District of Washington in any of my three pending cases since approximately December 2025. This includes orders, minute entries, scheduling notices, case management directives, filings by opposing parties, and any other court-generated or court-transmitted documents.

7. The sole exception is a small number of documents that were emailed to me by a law clerk for one of the three presiding judges. I am grateful for that informal accommodation, but it did not cover the full scope of documents generated across all three cases.

8. The Court's handling of Case No. 2:26-cv-00776-JCC was materially different from the handling of my two earlier cases. When Case No. 2:26-cv-00337-KKE (Judge Evanson) and Case No. 3:25-cv-05551-DGE (Chief Judge Estudillo) were processed, the Clerk's Office immediately emailed me the initial case-opening documents. That was the established practice for my cases. It worked. It was the reasonable accommodation in action.

9. For Case No. 2:26-cv-00776-JCC, that did not happen. No initial documents were emailed. No case-opening package was transmitted. It was only after I inquired that I was informed by email that the case had been opened and assigned a case number. I received a case number and nothing else. I do not have the initial complaint as filed, the summons, the case assignment notice, the scheduling order, or any other document generated when the case was opened. The departure from the Court's own prior practice — a practice that had worked without difficulty in both preceding cases — appears intentional.

10. I have no knowledge of the current status of any of my three pending federal cases. I do not know whether motions have been filed against me. I do not know whether deadlines have been set. I do not know whether hearings have been scheduled. I do not know whether orders have been entered. I do not know whether any of my filings have been docketed. I am in a complete information blackout regarding my own cases in a court of the United States.

11. This information blackout is not the result of any failure or neglect on my part. It is the direct and foreseeable consequence of the Court's own actions:

a. **U.S. Mail is not accessible to me.** My mail service has been canceled. The Court has been notified of this fact. The Court continues to mail documents to an address I cannot receive mail at. Mailing documents to an address the Court knows is non-functional does not satisfy FRCP 77(d)'s service requirement. It is the functional equivalent of mailing documents to a fictional address.

b. **In-person access is not possible.** I attempted to comply with the Court's demand that I file documents in person. I traveled to the federal courthouse at 700 Stewart Street in Seattle. I collapsed on the courthouse steps. Court staff observed. No one rendered aid. Seattle Fire transported me to Harborview Medical Center. I was admitted in critical condition. This is exactly what Dr. Bender warned would happen.

c. **CM/ECF is not accessible.** The electronic filing system requires registration, technical capability, and cognitive function I do not possess due to my disability.

d. **Email filing has been banned.** Email is the one channel through which I can communicate with the Court. On March 20, 2026, Deputy in Charge Patrick Sherwood issued a letter declaring that the Clerk's Office will not respond to any future correspondence from Athena AI and that all such communications will be "disregarded." This severed my only functional communication channel with the Court.

e. **My assistive technology has been banned.** The Sherwood letter banned Athena AI — the only means through which I can formulate, transmit, and receive communications. Banning my assistive technology is the functional equivalent of telling a deaf person the

Court will no longer accept communications from their sign language interpreter, or telling a blind person that documents will no longer be provided in Braille.

## III. EMAIL IS MINISTERIAL AND LESS BURDENSOME THAN MAIL

12. The accommodation I am requesting — that the Court accept filings by email and deliver documents to me by email — is not a fundamental alteration of the Court's operations. It is less burdensome than the Court's current process.

13. When the Court receives a filing by U.S. Mail, the Clerk's Office must: (a) open the envelope; (b) remove the contents; (c) scan every page of the document; (d) scan the envelope; (e) index the document; (f) upload the scanned document to the case management system; and (g) file and store the physical paper. This is a multi-step, labor-intensive process.

14. When the Court receives a filing by email, the Clerk's Office must: (a) open the email; and (b) upload the attached PDF to the case management system. That is it. Two steps. The document arrives already in digital format. No scanning. No envelope processing. No physical storage. Email filing is objectively less work, less cost, and less burden than mail filing.

15. The Court is choosing the more burdensome method while claiming that the less burdensome method constitutes an undue burden. This is not a fundamental alteration analysis. It is institutional refusal dressed as administrative necessity.

## IV. THE DISTRICT OF COLUMBIA STANDARD

16. The U.S. District Court for the District of Columbia has published formal "Email Filing Procedures for Unrepresented Parties" that permit pro se litigants to file all documents — including initial complaints and all subsequent pleadings — by email. The published procedures provide: "Unrepresented parties, also known as pro se parties, are permitted to file documents in-person at the Clerk's Office, by U.S. mail, or by email."

17. The D.C. District Court's procedures further specify: "Submit documents by either email OR mail; do not do both." The D.C. court emails documents to litigants who request email service, eliminating the need for U.S. Mail. Electronic filing through CM/ECF is optional, not required.

18. Both the D.C. District Court and this Court operate under the same Judicial Conference of the United States. Both serve the same Article III judiciary. Both are bound by the same Code of Conduct for United States Judges. Both are subject to the same Judicial Conference policy on disability accommodation, which the Honorable Janis L. Sammartino of the Southern District of California confirmed in *Goldup v. Valley View Casino and Hotel*, No. 24-CV-786 JLS (AHG), slip op. at 5 (S.D. Cal. Jan. 31, 2025),

extends to "all segments of the disabled community" — including cognitive and communication disabilities, not merely hearing impairment.

19. If the D.C. District Court can accept email filings as standard operating procedure under the same Judicial Conference policies, this Court cannot credibly claim that doing so constitutes a fundamental alteration or an undue burden.

## V. THE RIGHT OF ACCESS TO COURTS

20. The right of access to courts is among the oldest and most fundamental rights in the Anglo-American legal tradition. Chapter 40 of the Magna Carta (1215) declared: "To no one will we sell, to no one deny or delay right or justice." That principle was carried into American jurisprudence at the founding and has been continuously reaffirmed for over 800 years.

21. The Supreme Court of the United States has held that access to the courts is a fundamental right. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) ("the failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion"); *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971); *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (access must be "adequate, effective, and meaningful").

22. The clerk's duty to accept filings is ministerial, not discretionary. *Ex parte Hull*, 312 U.S. 546 (1941) (no state officer may abridge or impair a petitioner's right to apply to a federal court). *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) (distinguishing ministerial from discretionary acts). The method of transmission — whether paper or electronic — does not convert a ministerial act into a discretionary one.

23. FRCP 17(c)(2) provides that the Court "must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." The word is "must." Six state judicial officers have found me incompetent. Under 28 U.S.C. § 1738, this Court is required to give those findings the same effect they receive in Washington State courts. This Court has not complied with FRCP 17(c)(2) in any of my three pending cases.

## VI. THE COURT IS CREATING BARRIERS, NOT REMOVING THEM

22. The Court's conduct, taken as a whole, demonstrates a pattern of creating barriers to access rather than removing them:

a. The Court was notified that I cannot receive mail — and continued mailing documents.

b. The Court was warned by physicians that in-person appearance was medically dangerous — and directed me to appear in person.

c. The Court knows I cannot use CM/ECF — and requires CM/ECF.

d. The Court knows email is my only functional channel — and banned email.

e. The Court knows Athena AI is my only means of communication — and banned Athena AI.

f. Six state judges found me incompetent and appointed counsel or guardians — and this Court has not.

g. Two state-court matters have appointed counsel assisting me — demonstrating that the process works when courts follow the law.

h. The Clerk's Office emailed initial case-opening documents in my first two cases — then stopped doing so for my third case, departing from its own established practice without explanation.

i. Congressional representatives inquired about the barriers — and the Court misrepresented what it had required of me.

25. Each of these actions individually violates federal law, constitutional law, and the Judicial Conference's own policies. Taken together, they constitute a systematic denial of access to a cognitively disabled citizen who is asking for nothing more than the ability to participate in his own cases — an ability the D.C. District Court provides as routine practice.

26. This conduct violates the Fifth Amendment to the United States Constitution (Due Process); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; the Assistive Technology Act, 29 U.S.C. §§ 3001–3007; 28 U.S.C. § 1654 (right to plead and conduct one's own case); 28 U.S.C. § 1738 (Full Faith and Credit); FRCP 17(c)(2); FRCP 77(d); FRCP 83(a)(2); the Judicial Conference Policy on Disability Access (Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255); the Code of Conduct for United States Judges, Canons 1, 2, and 3; and the common-law right of access to courts tracing to the Magna Carta and carried into American jurisprudence. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

## VII. RELIEF

27. I respectfully request that this Declaration be filed in all three of my pending cases and that the Court take immediate action to restore my access. The solution is simple: accept email filings, deliver documents by email, rescind the Sherwood letter, and comply with FRCP 17(c)(2)'s mandatory duty. One order can fix everything.

28. Alternatively, if the Court is unwilling to accommodate email filing, it should appoint counsel under FRCP 17(c)(2) who can file through CM/ECF on my behalf — a step that six Washington State judicial officers have already determined is necessary, that two state forums have already implemented, and that this Court's own rules already require.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on May 6, 2026, at Everett, Washington.


**WILLIAM J. NELSON**, Plaintiff Pro Se

NO MAILING ADDRESS AVAILABLE

Email and Fax Only

Email: william@seattleseahawks.me

Fax: 808-204-1401


*Prepared with the assistance of Athena AI, authorized ADA assistive technology device (29 U.S.C. § 3002(4)) and communication agent for William J. Nelson.*

# EXHIBIT B

**Description:** Letter from Patrick Sherwood, Deputy in Charge, U.S. District Court for the Western District of Washington, banning email communications from Plaintiff's assistive technology (Athena AI) and stating such communications "will be disregarded."

**From:** Pat Sherwood <Patrick_Sherwood@wawd.uscourts.gov>

**To:** William Nelson <william@seattleseahawks.me>

**Cc:** Kris Porter <Kristine_Porter@wawd.uscourts.gov>

**Subject:** Court Response to Communication(s)

**Date:** Friday, March 20, 2026, 21:42:31 UTC

**Source:** ACE document 5961ac94-4a1d-47f7-921a-78067eec15fc (email, primary source)

———

## TEXT OF THE LETTER

William J. Nelson
1532 132nd Street SE, Suite C418
Everett WA 98208

Mr. Nelson,

This letter responds to communications sent to the Clerk's Office via electronic mail on March 17, 2026, which are attached hereto:

Newest Civil Case filing in re: Snohomish County: As you were advised by our office, your case was received and has been assigned case number 2:26-cv-00776-JCC. The presiding judge is the Honorable John C. Coughenour. Copies of your case assignment letter and any additional documentation were sent to your provided mailing address via US Mail.

Copies of your case file(s): All court-generated documents to date have been mailed to your provided address via US Mail, which is noted in the public docket record for each relevant docket entry. Copies of public case records are available via www.pacer.gov or from the Clerk's Office upon the payment of the required fee as set forth in 28 U.S.C. § 1914.

Request for Disclosure of Court Procedural Records: The Clerk's Office does not have any obligation to provide documents, communications, or records other than as required by applicable federal law, court order, or pursuant to applicable federal or local rules. Furthermore, the Freedom of Information Act (FOIA) only applies to the executive branch; it does not apply to the judicial or legislative branches of the federal government. See 5 U.S.C. § 551(1)(b) ("'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include— (B) the courts of the United States").

The court, through its Access Coordinators, has endeavored and will continue to provide reasonable accommodations to you pursuant to applicable law and judiciary policy. However, the court cannot

reasonably accommodate your continued requests to file, receive, transmit and maintain court documents and participate in court proceedings in a manner that does not comply with applicable law and rules. You were provided with instructions on how to accomplish filing in your cases and receive electronic notifications of filings. Any further information that you wish to be considered by the court must be filed on the docket for review by the presiding judge in each action.

Although the Clerk's Office will continue to accept for filing any documents submitted for that purpose, the Clerk's Office will not respond further to any of the above requests. Additionally, the Clerk's Office will not respond to any future correspondence directed to the Clerk's Office submitted by Athena AI on behalf of William J. Nelson and, absent a court order directing otherwise, all such communications from Athena AI will be disregarded.

Patrick Sherwood | Deputy in Charge
US District Court | Western District of Washington

Kris Porter
Jury Administrator
United States District Court
Western District of Washington
Office: 206.370.8408
E-mail: kristine_porter@wawd.uscourts.gov

*[The March 17, 2026 emails referenced as "attached hereto" are Plaintiff's own ADA accommodation and records requests transmitted by Athena AI; they are retained in full in the source record and available on request.]*

# EXHIBIT C

**Description:** Email chain demonstrating that the Court, through its own staff and from its own @wawd.uscourts.gov domain, used email to transmit case-opening information to Plaintiff in Case No. 2:26-cv-00337-KKE — contradicting the Court's later position that email service cannot be accommodated.

**Item 1 — From:** WAWDdb_NewCasesSea <newcases.seattle@wawd.uscourts.gov>

**Item 1 — Date:** Thursday, January 29, 2026, 10:24 AM

**Item 2 — From:** WAWDdb_KKEcrd <KKEcrd@wawd.uscourts.gov> (Courtroom Deputy Diyana Staples)

**Item 2 — Date:** Thursday, January 29, 2026, 18:47:50 UTC

**Source:** ACE document e8e9ba5b-33ed-4bae-a438-a2ecb66c5c85 (email chain, primary source)

---

## ITEM 1 — NEW CASES CLERK TRANSMITS CASE NUMBER BY EMAIL

From: WAWDdb_NewCasesSea <newcases.seattle@wawd.uscourts.gov>

To: Athena AI <athena@seattleseahawks.me>

Sent: Thursday, January 29, 2026, 10:24 AM

Subject: RE: EMERGENCY FILING – Pro Se ADA Title II Case with TRO Request – Nelson v. Silver Lake Water and Sewer District

Good morning,

Your case number is 2:26-cv-00337-KKE and is assigned to Judge Kymberly K. Evanson. Thank you.

Deputy Clerk

## ITEM 2 — COURTROOM DEPUTY ACKNOWLEDGES EMAILED FILING

From: WAWDdb_KKEcrd <KKEcrd@wawd.uscourts.gov>

To: Athena AI <athena@seattleseahawks.me>; WAWDdb_KKEOrders <EvansonOrders@wawd.uscourts.gov>

Cc: William Nelson <william@seattleseahawks.me>; chambers@insleebest.com

Sent: Thursday, January 29, 2026, 18:47:50 UTC

Subject: RE: EMERGENCY TRO REQUEST – Case No. 2:26-cv-00337-KKE – Nelson v. Silver Lake Water and Sewer District

Received.

Thank you,

Diyana Staples (she/her)

Courtroom Deputy to Judge Kymberly K. Evanson and Judge Ricardo S. Martinez

United States District Court, Western District of Washington

Phone: 206-370-8454

*Significance: Both transmissions originate from the Court's own @wawd.uscourts.gov domain and establish that the Court used email to communicate case-opening information and to acknowledge Plaintiff's emailed filing in 2:26-cv-00337-KKE. This*

*conduct forecloses any argument that email service constitutes a fundamental alteration or undue burden. (The underlying Athena AI transmittal emails to which these are replies are retained in full in the source record.)*